**QUINN E. KURANZ** OSB No. 114375
quinn@kuranzlaw.com
The Office of Q.E. Kuranz, Attorney at Law, LLC
735 SW FIRST AVE., Suite 300
Portland, OR 97204
Telephone: 503-914-3930
Fax: 503-200-1289
**ATTORNEY FOR PLAINTIFF**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DANNY M ALOMA GONGORA** | CASE NO.: 3:23-CV-97 |
| Plaintiffs, | COMPLAINT FOR COLLECTIVE ACTION; CLASS ACTION; INDIVIDUAL CLAIMS; FAILURE TO PAY WAGES; FAILURE TO PAY OVERTIME; PENALTIES; LIQUIDATED DAMAGES-ORS 653.055; ORS 652.150; 29 USC §§ 207, 216 |
| v. | |
| **SB NORTHWEST INVESTMENTS, LLC** doing business as EAGLE TRAILER MANUFACTURING, **RICK BARNES**, an individual and **CINDY POWELSON**. | |
| Defendants. | JURY DEMAND |

Plaintiff alleges:

**I.     JURISDICTION AND VENUE**

1. Plaintiff Danny M. Aloma Gongora lives in the state of Oregon.

2. Defendant SB NORTHWEST INVESTMENTS, LLC, operates a Portland, Oregon based trailer manufacturing company y called Eagle Trailer Manufacturing.

3. Defendant Rick Barnes is an individual and managing member of SB Northwest Investments, LLC.

Page 1     COMPLAINT – FAILURE TO PAY WAGES; FAILURE TO PAY OVERTIME

4. Defendant Cindy Powelson is an individual and a managing member of SB Northwest Investments, LLC.

5. This court has subject matter jurisdiction because the claims alleged herein arise under the Fair Labor Standards Act (FLSA). 28 USC § 1331.

6. This court has subject matter jurisdiction over plaintiffs' state law wage claims because plaintiffs' state law wage claims arise from the same set of facts as plaintiffs' FLSA claims. 28 USC § 1337.

7. Plaintiffs' claims arose primarily in Multnomah County, Oregon. Venue in the Portland Division is appropriate.

## II. COMMON FACTS—MANUFACTURING WORKER UNPAID OVERTIME

8. Defendant SB INVESTMENTS NORTHWEST, INC., (herein "SB Investments"). conducts business under the assumed business name EAGLE TRAILER MANUFACTURING.

9. Defendant Rick Barnes ("Barnes") is an employer under 29 USC § 203 (1)(d) in that he acts on behalf of SB Investments in relation to employees, including the scheme to not pay employees overtime wages for overtime worked.

10. Defendant Cindy Powelson ("Powelson") is an employer under 29 USC § 203 (1)(d) in that she acts on behalf of SB Investments in relation to employees, including the scheme to not pay employees overtime wages for overtime worked.

11. SB Investments, Barnes, and Powelson are herein collectively referred to as Plaintiff's employer "Eagle Trailer."

12. Eagle Trailer is a manufacturing facility.

13. Eagle Trailer suffered or permitted Plaintiff and other employees to work hours that exceeded 10 hours per day.

14. Eagle Trailer suffered or permitted Plaintiff and other employees to work hours that exceeded 40 hours per week.

15. Employees, including Plaintiff worked manufacturing trailers that are shipped and sold in interstate commerce.

16. Employees, including Plaintiff worked using materials that were used in the manufacturing and construction of the trailers that are sold and shipped in interstate commerce.

17. Eagle trailer employees about 35 employees at any given time throughout the year.

18. Employees, including Plaintiff worked more than 10 hours per day or more than 40 hours per week, also referred to here as "overtime hours."

19. Eagle Trailer paid Plaintiff and other manufacturing workers for at least some of those overtime hours worked at the employee's regular rate of pay in cash, not through normal payroll.

20. Eagle Trailer did not pay Plaintiff and other manufacturing workers an overtime rate for hours worked in excess of 10 hours per day or 40 hours per week.

21. Plaintiff and other manufacturing workers are entitled to recover compensation unpaid overtime wages and liquidated damages equal to the amounts of unpaid overtime, as well as costs, disbursements, and attorney fees. ORS 653.055; ORS 652.200; 29 USC §§ 207, 216.

22. Plaintiff pursues his own claim as well as seeks to represent other manufacturing employees in recovery of their overtime wages, liquidated damages, and costs, disbursements and attorney fees for those who opt-into this collective action complaint.

### III. PLAINTIFFS SEEK TO REPRESENT ALL EMPLOYEES COLLECTIVELY UNDER THE FLSA AND AS A CLASS FOR STATE PENALTIES

23. Plaintiff as individuals, as well as on behalf of the collective group of trailer manufacturing employees, seeks to represent all similarly situated employees of defendants in their FLSA claims, and incorporate allegations made herein.

24. Plaintiffs seek to represent trailer manufacturing employees because they were all exposed to the same pattern and practice not being compensated properly for overtime wages, including the failure to pay overtime hours at a rate of 1.5 times the regular rate of pay for all hours worked in excess of 40 hours per week or 10 hours per day.

25. Defendants are covered employers under the FLSA.

26. Plaintiff and other employees were paid hourly and not exempt from payment of overtime wages.

27. Plaintiff as an individual, as well as on behalf of the collective group of trailer manufacturing employees that he seeks to represent are entitled to be paid overtime compensation at the overtime rate for all overtime hours worked as well as liquidated damages equal to the amount of unpaid overtime and liquidated damages equal to the amount of untimely paid overtime.

28. At all material times, Defendants had a practice of not properly paying hourly employees regular wages or overtime hours worked.

29. As a result of Defendants' failure to compensate its employees at a rate of 1.5 times the regular rate of pay for worked performed in excess of forty hours per work week, Defendants violated the FLSA, 29 U.S.C. § 201 et seq., including 29 U.S.C. § 207(a)(1) and § 215(a), and Oregon Laws ORS 652.____ and ORS 653.055.

30. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA and Oregon Law within the meaning of 29 U.S.C. § 255(a) and ORS 652.150.

31. Plaintiff as an individual, as well as on behalf of the collective group of trailer manufacturing employees are entitled to damages in the amount of their respective unpaid wages and overtime compensation, plus liquidated damages as provided by the FLSA, 29 U.S.C. §216(b) and such other legal and equitable relief as the Court deems just and proper.

32. Plaintiff as an individual, as well as on behalf of the collective group of employees are entitled to recovery of attorneys' fees and costs associated with this case under 29 U.S.C. §216(b); ORS 652.200; ORS 653.055.

33. Plaintiff as individual, as well as on behalf of the collective group of employees is entitled to recover a state law penalty equal to 240 hours at the employee's regular rate of pay for defendants' willful failure to pay overtime wages and a separate penalty where those employees have unpaid regular wages and have separated from employment going back to April 1, 2018. ORS 653.055; ORS 652.150.

IV. **PLAINTIFF MAY SEEK TO PURSUE HIS CLAIM AS AN INDIVIDUAL**

34. Plaintiff seeks to represent himself and a collective and class of trailer manufacturing employees who were similarly situated in their claims for unpaid overtime, liquidated

damages, and state penalties for failure to pay overtime, and costs, disbursements, and attorney fees. In the event a collective or class action is not certified, approved, or pursued, plaintiff seeks to pursue his own wage claims as alleged. Plaintiff incorporates allegations herein.

**PLAINTIFF'S INDIVIDUAL CLAIMS—DANNY ALOMA**

35. Defendants hired Plaintiff on or about May 20, 2020.

36. Plaintiff worked as a trailer manufacturing employee from about May 2020 to June 2022.

37. Plaintiff routinely worked more than 10 hours per day or more than 40 hours per week.

38. Based on information and belief, Defendants recorded Plaintiff and other trailer manufacturing employees' work hours in a time recording system. The times that Plaintiff worked in excess of 40 hours per week were paid to Plaintiff in case, at Plaintiff's regular rate of pay and not Plaintiff's overtime rate of pay at 1.5 times Plaintiff's regular rate.

39. As a result, Plaintiff remains unpaid for overtime hours worked.

40. At the time of separation, Plaintiff willfully failed to pay plaintiff all overtime wages due. These wages remain unpaid.

41. Plaintiff is entitled to recover unpaid wages and 1.5 times his regular rate for all overtime hours worked, liquidated damages for all overtime hours paid untimely as well as for all unpaid overtime, a state penalty for failure to pay overtime wages, and, costs, disbursements, and attorney fees. ORS 653.055; ORS 652.150; ORS 652.200; 29 USC §§ 207, 216.

///

///

## V. CLAIMS FOR RELIEF

42. Plaintiff and trailer manufacturing employees incorporate all allegations in relation to their wage claims.

43. Defendants' actions were willful in that defendants knew that employees worked hours in excess of 40 hours per week and paid Plaintiff and trailer manufacturing employees in cash at their regular rate for those overtime hours worked; however Plaintiff and other trailer manufacturing employees were not compensated at the rate of 1.5 times the regular rate for overtime hours worked.

44. Plaintiff and trailer manufacturing employees are entitled to recover unpaid overtime wages at 1.5 times their regular rate of pay for each hour worked in excess of 40 hours per week for which defendants did not pay Plaintiff and other trailer manufacturing workers.

45. Plaintiff and other trailer manufacturing employees are entitled to recover liquidated damages equal to the unpaid overtime. FLSA § 216

46. Plaintiff and other trailer manufacturing employees are entitled to recover a state penalty for Defendants' willful failure to pay overtime wages in the amount equal to 240 hours at their regular rate of pay. ORS 653.055; ORS 652.140; ORS 653.150.

47. Plaintiff and other trailer manufacturing employees are entitled to recover costs, disbursements, a prevailing party fee, and attorney fees in addition to all damages. ORS 652.200; ORS 653.055; 29 USC § 216.

48. Plaintiff and other trailer manufacturing employees seek equitable tolling from the date of filing, January 20, 2023.

49. Plaintiff and other trailer manufacturing employees seek to have a collective and class action notice issued, notifying all employees of unpaid wage claims and overtime claims for work performed for Defendants.

B. *Plaintiff Aloma's Individual Wage Claims*

50. Plaintiff incorporates all allegations in relation to their wage claims herein.

51. Defendants' actions were willful in that defendant knew Plaintiff was not compensated fully for all overtime hours worked.

52. Plaintiff is entitled to recover all unpaid overtime wages, or unpaid wages of any kind.

53. Plaintiff is entitled to recover liquidated damages equal to all his the unpaid overtime. FLSA § 216

54. Plaintiff is entitled to recover a state penalty for Defendants' willful failure to pay overtime wages in the amount equal to 240 hours of his regular rate of pay. ORS 653.055; ORS ORS 653.150.

55. Plaintiff is entitled to recover costs, disbursements, a prevailing party fee, and attorney fees. ORS 652.200; ORS 653.055; 29 USC § 216.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

DATED this January 20, 2023

                                                   /s/Quinn E. Kuranz
                                                  Quinn E. Kuranz, OSB #114375
                                                  Of Attorney for Plaintiff