UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

DANNY M ALOMA GONGORA,

       Plaintiff,

  v.

SB NORTHWEST INVESTMENTS, LCC dba
EAGLE TRAILER MANUFACTURING; RICK
BARNES, an individual; and CINDY POWELSON,

       Defendants.

Case No. 3:23-cv-00097-YY

ORDER

The parties have filed a Joint Motion for Approval of FLSA Settlement Agreement and Dismissal with Prejudice. ECF 55. "The FLSA's purpose is to protect workers from substandard wages and oppressive working hours." *Goudie v. Cable Commc'ns, Inc.*, No. CV 08-507-AC, 2009 WL 88336, at *1 (D. Or. Jan. 12, 2009) (citation omitted). "[A]n employee who brings a private action for back wages under the FLSA may 'present to the district court a proposed settlement, [and] the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.'" *Id*. (citing *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353–54 (11th Cir. 1982)). The court's obligation in reviewing the settlement agreement has been described as follows:

> In reviewing a private FLSA settlement, the court's obligation is not to act as caretaker but as gatekeeper; it must ensure that private FLSA settlements are appropriate given the FLSA's purposes and that such settlements do not undermine the Act's purposes. Thus,

1 – ORDER

> in reviewing the fairness of such a settlement, a court must determine whether the settlement is a fair and reasonable resolution of a bona fide dispute. If a settlement in an employee FLSA suit . . . reflects a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute, the district court is permitted to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* (simplified) (citing *Lynn's Food Stores* 679 F.2d at 1354; *Yue Zhou v. Wang's Restaurant*, No. C 05-0279 PVT, 2007 WL 2298046 (N.D. Cal. Aug. 8, 2007)).

The court is familiar with the FLSA claim here, given the history of litigation since the case was filed. It is unnecessary to repeat the allegations underlying the FLSA claim, as they were outlined in detail in the motion to certify the collection action. *See* ECF 14. This case also involves its own unique circumstances. As explained in the motion to approve the settlement agreement, "Defendants do not dispute that some overtime wages may be owned to some of the plaintiffs . . . [b]ut the parties dispute the exact amount owed, with this disagreement being compounded by a fire having destroyed almost all of the timesheets and other payroll records that could be used to verify if any overtime wages were indeed owed and the amount." Joint Mot. 3, ECF 55.

Considering all of the circumstances, including the nature of the claim, and the risk, complexity, and cost of further litigation, the terms of the settlement are fair and reflect a reasonable compromise of the FLSA claim. The settlement agreement, taken as a whole, is fair, reasonable, and adequate. *See, e.g., Officers for Justice v. Civil Service Commission,* 688 F.2d 615, 625 (9th Cir. 1982) (proposed settlement to be evaluated by the "universally applied standard" of whether it is "fundamentally fair, adequate and reasonable"). There is no indication that the settlement agreement is the product of fraud or overreaching by, or collusion between, the negotiating parties. Finally, in approving the agreed-upon amount of attorney fees and costs,

2 – ORDER

the court has considered the efforts made by plaintiffs' counsel in litigating this case, including the handling of a number of complex and contested motions.

Therefore, the Joint Motion for Approval of FLSA Settlement Agreement and Dismissal with Prejudice (ECF 55) is granted. The settlement agreement is approved. Upon notice from plaintiff's counsel that defendants have delivered payment, the court will dismiss plaintiffs' claims against defendants with prejudice and without costs or fees to any party except as expressly agreed to in the settlement. Plaintiffs shall retain the right to reinstate the case if the case is dismissed prior to receipt of settlement payments and the settlement payments are not timely delivered pursuant to the terms of the settlement agreement, and the court retains jurisdiction for that purpose.

IT IS SO ORDERED.

DATED November 13, 2025.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

3 – ORDER